ADAM PAUL LAXALT
  Nevada Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
ERIN L. ALBRIGHT, Bar No. 9953
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: 775-684-1134
Email: ghardcastle@ag.nv.gov
Email: ealbright@ag.nv.gov

*Attorneys for Defendant*
*Christopher Beecroft*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, NDOC,<br>NDOC'S EMPLOYEES, et al.,<br><br>    Defendants. | Case No. 2:15-cv-02143-RFB-CWH<br><br>**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S REQUEST FOR AUTHORITIES TO INVESTIGATE SAGUARO CORRECTIONAL CENTER'S USE OF FORCE AT ECF NO. 189**<br>**(First Request)** |

      Defendant, Christopher Beecroft, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, Gerri Lynn Hardcastle and Erin L. Albright, Deputies Attorney General, hereby files his motion for enlargement of time to file a response to Plaintiff's request for authorities to investigate Saguaro Correctional Center's use of force at ECF No. 189. This motion is based on Fed. R. Civ. P. 6(b)(1), the following Memorandum of Points and Authorities, and the papers and pleadings on file herein.

///

///

///

1

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **I.    INTRODUCTION & RELEVANT FACTS** |
| 3 | As this Court is aware, this case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF |
| 4 | No. 37.  Plaintiff, Victor Tagle (Plaintiff), is an inmate in the custody of the Nevada Department of |
| 5 | Corrections (NDOC).  *Id.*   He is currently housed at the Saguaro Correctional Center (SCC) in Eloy, |
| 6 | Arizona.  ECF No. 171 at 1. |
| 7 | In his request at ECF No. 189, which is filled will all sorts of unnecessary obscenities, Plaintiff |
| 8 | alleges that correctional officers at SCC spray use excessive force upon inmates and that SCC medical staff |
| 9 | are deliberately indifferent to his serious medical needs.    In order to properly respond to Plaintiff's |
| 10 | allegations, Defendant has again sought records from SCC.  Defendant has also sought declarations from |
| 11 | SCC staff.  Unfortunately, counsel has not yet received the relevant records, nor have SCC staff returned |
| 12 | the executed declarations.  Therefore, Defendant respectfully requests an additional two weeks to respond |
| 13 | to Plaintiff's request.  Specifically, Defendant requests that this Court order that he be permitted to file his |
| 14 | response on or before June 21, 2018. |
| 15 | **II.   LEGAL STANDARD** |
| 16 | District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v.* |
| 17 | *Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. |
| 18 | 1992). FED. R. CIV. P. 6(b)(1) governs enlargements of time and provides as follows: |
| 19 20 21 | > When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. |
| 22 | "The proper procedure, when additional time for any purpose is needed, is to present to the |
| 23 | Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented |
| 24 | before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line* |
| 25 | *Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962).  The *Canup* Court explained that "the practicalities of life" (such |
| 26 | as an attorney's "conflicting professional engagements" or personal commitments such as vacations, |
| 27 | family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court |
| 28 | deadline.  *Id.*  Extensions of time "usually are granted upon a showing of good cause, if timely made." |

1  *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**III.    DISCUSSION**

Good cause exists to enlarge the time for Defendant to file his response to Plaintiff's request at ECF No. 189. Defendant seeks two additional weeks to file his response, and he is moving the Court for this enlargement prior to the expiration of the original deadline. Furthermore, Defendant needs additional time to respond to the affidavit, so that he can properly substantiate his arguments against granting Plaintiff the relief he seeks. Finally, this short extension will not unfairly prejudice Plaintiff.

This extension is also necessary based on the volumes of meritless, redundant, and barely comprehensible documents Plaintiff files. For example, today, June 7, 2018, Plaintiff filed six (6) documents in this case alone: "Affidavit in Support of the Case!" at ECF No. 193; "Affidavit in Regard Hardcastle's Skulduggeries [sic]" at ECF No. 194; "Answer to Racketeer Hardcastle's Opposition – (ECF No. 176) & Motion for Discovery & Protection!" at ECF No. 195; "Motion to Request, [sic] Order of Injunction" at ECF No. 196; and "Affidavit[ ] and Motion to be Removed from Saguaro!" at ECF No. 197; and "Affidavit!" at ECF No. 198. Since the beginning of this year, Plaintiff has filed no less than thirteen (13) affidavits (many of which were filed on the same day),[1] eight (8) requests to be transferred,[2] five (5) discovery motions (two (2) of which were filed on the same day),[3] and two (2) requests for authorities to investigate.[4] Just by virtue of the number of Plaintiff's filings in this case, this Court must enlarge the time for Defendant to respond.[5]

///
///
///
///
///

---

[1] *See* ECF Nos. 171, 172, 178, 179, 188, 180, 184, 185, 191, 193, 194, 197, 198.
[2] *See* ECF Nos. 147, 150, 163, 184, 185, 197.
[3] *See* ECF Nos. 159, 161, 176, 192, 195.
[4] *See* ECF Nos. 148, 189.
[5] Defendant asserts that this case, this Court, and this Defendant and his counsel will be mired in Plaintiff's baseless filings until this Court sanctions Plaintiff or relieves Defendant from the responsibility of responding to each and every filing.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court grant his Motion for Enlargement of Time and allow him to file his response to Plaintiff's request for authorities to investigate at ECF No. 189 on or before June 21, 2018.

DATED this 7th day of June, 2018.

ADAM PAUL LAXALT
Attorney General

By: *(signature)*
GERRI LYNN HARDCASTLE
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendant*

IT IS SO ORDERED.

DATED: June 25, 2018

*(signature)*
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on the 8th day of June, 2018, I caused a copy of the foregoing, **DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFF'S REQUEST FOR AUTHORITIES TO INVESTIGATE SAGUARO CORRECTIONAL CENTER'S USE OF FORCE AT ECF NO. 189**, to be served, by U.S. Mail postage paid to:

VICTOR TAGLE #1080239
SAGUARO CORRECTIONAL CENTER
1252 EAST ARICA ROAD
ELOY, ARIZONA 85131

*/s/ Mackenzie Hodges*
An employee of the
Office of the Attorney General